ELMER CARRINGTON v. THE STATE.

No. 7876. Decided November 21, 1923.

1.—Transporting Intoxicating Liquor—Argument of Counsel.

Where the State's argument was in answer to the argument of the defense, and no charge requested to withdraw same, there is no reversible error.

2.—Same—Continuance—Negative Testimony.

Where there was not sufficient materiality in the absent testimony, which was purely negative, and no abuse of discretion was shown, there was no error in overruling same.

3.—Same—Requested Charge—Practice in Trial Court—Insanity.

It is well settled that there must be testimony sufficient to fairly raise an issue before the court is required to charge upon it, or give a requested charge relative thereto, and the evidence not sufficiently raising the issue of insanity there was no error in refusing the requested charges thereon.

Appeal from the District Court of Titus. Tried below before the Honorable R. T. Wilkinson.

Appeal from a conviction of unlawfully transporting intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*I. N. Williams,* for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Titus County of transporting intoxicating liquor, and his punishment fixed at one year in the penitentiary.

The bill of exceptions complaining of the argument of the District Attorney in reference to the danger to people on the roads from permitting drunken men to ride up and down the highways, is qualified by the trial judge so as to show that same was in answer to the argument on behalf of the defense; also no charge was presented to the court asking that it be given instructing the jury not to consider such argument.

We perceive no error in the refusal of a continuance because of the absence of one Sinclair. By said witness appellant expected to show that witness saw appellant on the day of the alleged commission of the offense herein and prior thereto and that at the time he saw appellant the latter was "highly intoxicated and about past going," and that he saw another party get into the car with appellant and saw the two drive off in the direction of the place where appellant was later seen by the State witnesses, same being also in the direction of the Sinclair farm. It is also stated that said witness would testify that he did not see appellant carry or place any whisky in his car at said time. The expected testimony relative to the witness' failure to see any whisky in appellant's car, would be purely negative, and nothing appears indicating knowledge on the part of the witness. There is nothing in the bill of exceptions to show any familiarity on the part of the absent witness with the contents of appellant's car, nor his opportunity to observe same. We do not perceive such materiality in the absent testimony relative to the fact that a party was seen getting in appellant's car and departing with him in the direction of the Sinclair farm, as would make erroneous the overruling of the application for continuance. There is no question from all the testimony but that appellant transported along a road intoxicating liquor. He does not dispute this fact when a witness in the case. The only attempted defense which we find in the record is in regard to what might be denominated temporary insanity resulting from the recent use of intoxicating liquor. As we view the record there is not sufficient evidence upon this point to make erroneous the refusal of the learned trial judge to give the special charges relative thereto, asked by appellant. There is no question but that appellant was intoxicated, but from his own testimony as given on the witness stand it is evident that he could tell what happened when he was at the Sykes' place, where the State witness Sykes testified to seeing him in possession of a fruit jar of whisky; and also could tell what occurred to him at a place

on the road some distance from the Sykes' place, where his car was backed into a ditch and he was discovered asleep by several witnesses who testified that a fruit jar of whisky was by him and when they aroused him he wanted to know where his whisky was.

Several special charges were refused which were based upon the theory that appellant partook of poisoned or drugged liquor before he drove along the road and was seen by the State's witnesses in possession of intoxicating liquor. We have searched appellant's testimony carefully more than once to ascertain if he said that he drank any poisoned liquor but are unable to find any such testimony. Appellant said he drank the liquor that was given him and that "it jumped into me like that" but he does not assert that it was poisoned or that it had any peculiar taste, nor is there any evidence that would in anywise indicate the presence or use of any poisoned liquor. It is well settled that there must be testimony in a record sufficient to fairly raise an issue before the court must charge upon it or give special charges asked relating thereto. Proper charges presenting a defense based on temporary insanity should be given when the evidence in the case clearly raises the issue, but such charges have no place in a record in the absence of such testimony.

We regret our inability to agree with any of appellant's contentions, and an affirmance will be ordered.

*Affirmed.*